**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                        **CRIMINAL NO. 3:02-cr-11-WHB**

**STEVEN RAY SHELTON**

## OPINION AND ORDER

This cause is before the Court on the Motion of Defendant, Steven Ray Shelton ("Shelton") to Modify Sentence Pursuant to 18 U.S.C. § 3582.  As Shelton is proceeding on this Motion *pro se*, his pleadings have been liberally construed.  United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

The record shows that on May 6, 2002, Shelton pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922, and to being in possession of a firearm silencer in violation of 26 U.S.C. § 5861.  On August 13, 2002, Shelton was sentenced to a 74-month term of imprisonment and a 3-year term of supervised release, to run concurrently on both charges.  Shelton has now moved for a modification of his sentence pursuant to 18 U.S.C. § 3582, and requests that the Court enter an order directing prison officials to run his federal sentence concurrently with a 12-year sentence that he received from the State of Mississippi.

18 U.S.C. § 3582 provides, in relevant part:

(c) Modification of an imposed term of imprisonment. – The court may not modify a term of imprisonment once it has been imposed except that –

(1) in any case –

(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –

> (i) extraordinary and compelling reasons warrant such a reduction; or

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C § 3582(c).  The United States Court of Appeals for the Fifth Circuit has held that 18 U.S.C. § 3582(c) "limits sentence modification only to certain narrow circumstances." United States v. Marion, No. 03-60314, 2003 WL 22423180, at *1 (5th Cir. Oct. 22, 2003).[1]  Thus, under 18 U.S.C. § 3582, a sentence may be modified:

On motion of the Bureau of Prisons (see Section 2582(c)(1)(A));

To correct a clerical error as permitted by Rule 35(a) of the Federal Rules of Criminal Procedure (see Section 2582(c)(1)(B));

On motion of the Government in cases in which the defendant has provided substantial assistance in investigating or prosecuting others (see Section 2582(c)(1)(B)); or

In cases in which the applicable sentencing range is subsequently reduced by the Sentencing Commission (see Section 2582(c)(2)).

The Court finds that none of the circumstances enumerated in 18 U.S.C. § 3582(c) are applicable in this case and, therefore, the Court does not have jurisdiction to consider Shelton's motion.  See Marion, 2003 WL 22423180, at *1 (finding, in a case in which none of the prerequisites of Section 3582(c) were satisfied, that the defendant's motion under that statute was "unauthorized and without a jurisdictional basis" and, therefore, that "the district court

---

[1]  Marion is an unpublished opinion, which, under the Local Rules of the Fifth Circuit, is considered persuasive but not precedential authority.  See 5th Cir. R. 47.5.4.

was without jurisdiction to entertain it.") (citing <u>United States</u>
<u>v. Early</u>, 27 F.3d 140, 142 (5th Cir. 1994)).  Accordingly, the
Court finds that Shelton's Motion to Modify Sentence Pursuant to 18
U.S.C. § 3582 must be denied for want of jurisdiction.

IT IS THEREFORE ORDERED that Defendant's Motion to Modify
Sentence Pursuant to 18 U.S.C. § 3582 [Docket No. 25] is hereby
denied.

SO ORDERED this the 8th day of July, 2008.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE